NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0004497
22-JAN-2015
08:49 AM**

NO. CAAP-13-0004497

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


PROPERTY RESERVE, INC., a Utah corporation,
acting through its duly authorized agent,
HAWAII RESERVES, INC., a Hawaii corporation
Plaintiff-Appellee, v.
STEPHANIE APUAKEHAU; JOHN DOES 1-50; JANE DOES 1-50;
DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50;
DOE ENTITIES 1-50, Defendants-Appellants


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CIVIL NO. 1RC-13-1-6471)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Stephanie Apuakehau (**Apuakehau**) appeals (pro se) from a Judgment of Possession and Writ of Possession, both filed on October 28, 2013, in the Koʻolauloa Division of the District Court of the First Circuit (**District Court**).[1]

On appeal, Apuakehau lists five points of error, which are noncompliant with Hawaiʻi Rules of Appellate Procedure 28(b)(4), but which nevertheless have been reviewed and considered by this court. Apuakehau contends that the District Court erred in: (1) its discussion concerning a prior case in federal court; (2) a translation request of evidence submitted;

---

[1] The Honorable Gerald H. Kibe presided.

(3) its consideration of testimony from an expert witness; (4) striking Apuakehau's "evidence" of genealogical lineage; and (5) denying Apuakehau's motion to dismiss with prejudice.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Apuakehau's points of error as follows:

Apuakehau makes no argument in support of her points of error; nor does she include any reference to evidence (or any other form of support) in the record on appeal.

It appears that the gravamen of Apuakehau's appeal is that she has more than a mere possessory interest in the property that was the subject of this ejectment action and, therefore, that the District Court lacked jurisdiction over this matter. However, Apuakehau failed to properly raise this issue in the District Court. Hawai'i District Court Rules of Civil Procedure Rule 12.1 provides:

> **Rule 12.1. Defense of title in district courts.**
>
> *Pleadings.* Whenever, in the district court, in defense of an action in the nature of an action of trespass or for the summary possession of land, or any other action, the defendant shall seek to interpose a defense to the jurisdiction to the effect that the action is a real action, or one in which the title to real estate is involved, such defense shall be asserted by a written answer or written motion, which shall not be received by the court unless accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim.

The record contains no affidavit of Apuakehau (or declaration subscribed as true under penalty of law) and is otherwise devoid of any support for Apuakehau's arguments on appeal. See Deutsche Bank Nat'l Trust Co. v. Peelua, 126 Hawai'i 32, 265 P.3d 1128 (2011). Moreover, Apuakehau's Answer to Complaint, as well as other documents submitted to the District Court by Apuakehau, assert that Mrs. Dawn Wasson, not Apuakehau, holds title to the subject property.

Accordingly, the District Court's October 28, 2013 Judgment of Possession and Writ of Possession are affirmed.

DATED: Honolulu, Hawai'i, January 22, 2015.

On the briefs:

Stephanie Apuakehau
Defendant-Appellant Pro Se

Crystal K. Rose
Adrian L. Lavarias
Kristin A. Shinkawa
(Bays Lung Rose & Holma)
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge